**[Cite as *State v. Mitchell*, 2013-Ohio-3761.]**

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                             :

    Plaintiff-Appellee                     :          C.A. CASE NO.     25349

v.                                                              :          T.C. NO.     11CR3458

CHRISTOPHER D. MITCHELL              :          (Criminal appeal from
                                                                        Common Pleas Court)

    Defendant-Appellant                   :

                                                                :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    30th    day of     August    , 2013.

. . . . . . . . . .

KIRSTEN A. BRANDT, Atty. Reg. No. 0070162, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

DANIEL E. BRINKMAN, Atty. Reg. No. 0025365, Suite 2000 Liberty Tower, 120 West Second Street, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . .

YARBROUGH, J. (by assignment)

**I. Introduction**

{¶ 1}     Appellant, Christopher Mitchell, appeals the judgment of the Montgomery County Court of Common Pleas, finding him guilty of multiple offenses including failure to comply with an order or signal of a police officer, receiving stolen property, and aggravated robbery with a firearm specification.   For the following reasons, we affirm.

## A.    Facts and Procedural Background

{¶ 2}     On the morning of October 5, 2011, Mitchell entered the Shiloh Quick Clean Laundromat on North Main Street in Harrison Township and robbed William Tipton at gunpoint.   While wearing a red t-shirt over his face in order to conceal his identity, Mitchell ordered Tipton to "give me your keys and all your money or I'm going to kill you."  After Tipton complied, Mitchell proceeded to drive off in Tipton's red Dodge Avenger.

{¶ 3}     The next day, Dayton Police spotted Mitchell driving Tipton's vehicle and a chase ensued.   Mitchell was ultimately apprehended by the police, but only after he crashed the Avenger and attempted to flee on foot.   Mitchell was wearing a red t-shirt at the time of his arrest.

{¶ 4}     In an effort to determine whether Mitchell was the man who robbed Tipton, detective Kent Saunders created a photographic lineup using the Montgomery County Criminal Justice Information System (CJIS).   The CJIS automatically generated a group of photos that matched Mitchell's physical characteristics.   From that group of photos, Saunders selected five photos of individuals that most closely matched Mitchell's physical appearance.   Saunders' goal in selecting the photos was to prevent one photo from standing out from the rest of the photos.

{¶ 5}     Tipton was subsequently contacted and asked to view the lineup.   Saunders asked detective Melony Phelps-Powers to administer the lineup as a "blind" administrator as

required under R.C. 2933.83, since Phelps-Powers had no prior knowledge of the case and was unaware of Mitchell's identity. After viewing the lineup, Tipton was able to identify Mitchell as the man who robbed him on October 5.

{¶ 6} Two weeks after Tipton identified him as the robber, Mitchell was indicted by the Montgomery County Grand Jury on one count of failure to comply with an order or signal of a police officer in violation of R.C. 2921.331(B) and (C)(5), and one count of receiving stolen property in violation of R.C. 2913.51(A). One month later, Mitchell was indicted by the grand jury on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), along with an attendant firearm specification. Mitchell initially pled not guilty to all of the charges.

{¶ 7} On December 14, 2011, Mitchell moved to suppress his identification stemming from the photographic lineup. A hearing was held, and, on April 9, 2012, the trial court issued its decision overruling Mitchell's motion.

{¶ 8} On August 9, 2012, Mitchell changed his initial plea as to the counts contained in the first indictment. Consequently, he pled guilty to failure to comply with an order or signal of a police officer, and no contest to receiving stolen property. A jury trial was held on the aggravated robbery charge. Ultimately, Mitchell was found guilty of aggravated robbery along with the firearm specification. At sentencing, Mitchell was ordered to serve a total prison term of 12 years. Mitchell has since filed this timely appeal.

### B. Assignment of Error

{¶ 9} On appeal, Mitchell assigns the following error for our review:

THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S

MOTION TO SUPPRESS THE PRETRIAL IDENTIFICATION OF APPELLANT AS THE CONFRONTATION WAS UNDULY SUGGESTIVE OF THE APPELLANT'S GUILT TO THE EXTENT THAT THE IDENTIFICATION WAS UNRELIABLE AS A MATTER OF LAW UNDER THE TOTALITY OF THE CIRCUMSTANCES.

## II.   Standard of Review

{¶ 10}   The trial court assumes the role of the trier of facts when deciding a motion to suppress and is in the best position to resolve conflicts in the evidence and determine the credibility of the witnesses and the weight to be given to their testimony.   *State v. Retherford*, 93 Ohio App.3d 586, 639 N.E.2d 498 (2d Dist.1994).   Upon appellate review of a decision on a motion to suppress, the court of appeals must accept the trial court's findings of fact if they are supported by competent, credible evidence in the record.   *Id.*   The appellate court must then independently determine, as a matter of law, without deference to the trial court's legal conclusion, whether the applicable legal standard is satisfied.   *Id.*

## III. Analysis

{¶ 11}   In his sole assignment of error, Mitchell argues that the trial court erred in overruling his motion to suppress.   Specifically, Mitchell argues that the trial court should have granted his motion because the lineup from which Tipton identified him as the robber was unduly suggestive and unreliable.

{¶ 12}   On a motion to suppress identification testimony, the accused "bears the burden of showing that the identification procedure was 'so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification' and that the

identification itself was unreliable under the totality of the circumstances." *State v. Sherls*, 2d Dist. Montgomery No. 18599, 2002 WL 254144, *2 (Feb. 22, 2002), quoting *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

{¶ 13} Mitchell contends that the photographic lineup was impermissibly suggestive and resulted in his misidentification. He supports his argument by referencing the fact that he was the only individual pictured in the lineup wearing a red t-shirt. Because he was also wearing a red t-shirt on the day he was arrested, Mitchell contends that the lineup was highly suggestive.

{¶ 14} In its order overruling Mitchell's motion to suppress, the trial court stated:

There is no evidence of wrong-doing or improper conduct on the part of Detective Saunders. Saunders stated in open court that the police exert no control of what a defendant wears when being photographed for line-ups. Therefore, Defendant was free to wear anything he wished, and it suggests no misconduct on Saunders' part for photographing Defendant in Defendant's choice of clothes.

In the photo line-up, Defendant's shirt is least visible compared to the other men in the line-up. One can only see about a quarter to a half inch of his red collar whereas in the other photos one can see as far down as the suspects' collar bones. This factor is in Defendant's favor because the focus on his clothes is least of all.

{¶ 15} Upon review of the record before us, we agree with the trial court that the photographic lineup was not impermissibly suggestive. At the outset, we note that use of a

computerized method of creating lineups, such as the one used in this case, "avoids most potential unfairness and almost any claim that the lineup was suggestive." *State v. Carter*, 2d Dist. Montgomery No. 21145, 2006-Ohio-2823, ¶ 34, citing *State v. Beckham*, 2d Dist. Montgomery No. 19544, 2003-Ohio-3837; *State v. Beddow*, 2d Dist. Montgomery Nos. 16197 and 16198, 1998 WL 126876 (Mar. 20, 1998). Moreover, we see no reason to conclude that the manner in which this particular photographic lineup was presented to Tipton was suggestive. The testimony offered at the suppression hearing reveals that Saunders attempted to keep the amount of clothing shown in the photographs to a minimum. Further, the lineup was administered by a "blind" administrator with no knowledge of the case or the identity of the suspect, as required under R.C. 2933.83.

{¶ 16} Notwithstanding these facts, Mitchell argues that the lineup was suggestive based on Tipton's exposure to television news coverage of Mitchell's arrest in which Mitchell was shown wearing a red t-shirt. Mitchell argues that the lineup was suggestive because he was the only individual wearing a red t-shirt. Notably, the fact that Tipton saw Mitchell's arrest on the television was not known to the trial court at the time it was ruling on the motion to suppress. Instead, Mitchell's argument is based on evidence that was introduced at trial. In any event, Mitchell's argument fails because Tipton testified that he was able to identify Mitchell by his eyes, not his t-shirt. Finally, we have viewed the color photospread exhibit. The red shirt is barely visible and not distinctive. The photospread is not suggestive.

{¶ 17} Having concluded that the photographic lineup and the manner in which it was presented to Tipton was not impermissibly suggestive, we hold that the trial court did

not err in denying Mitchell's motion to suppress.   Because the lineup was not impermissibly suggestive, we need not consider its reliability.   *Beckham, supra*.

{¶ 18}   Accordingly, Mitchell's sole assignment of error is overruled.

### IV. Conclusion

{¶ 19}   Mitchell's sole assignment having been overruled, the judgment of the Montgomery County Court of Common Pleas is affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

(Hon. Stephen A. Yarbrough, Sixth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Kirsten A. Brandt
Daniel E. Brinkman
Hon. Barbara P. Gorman